(No. 33426.—          )
LOUIS B. ALLEN, JR., Appellant, *vs.* JOHN E. NETTLETON *et al.*—(ARTHUR WESLEY WOLFE, Appellee.)

*Opinion filed May 20, 1955.*

G. J. DEVANNA and DONALD HAMILTON, (EDWIN HAM-ILTON, of counsel,) all of Chicago, for appellant.

ERNEST N. WARNER, (JULIA M. HAGERTY, of counsel,) both of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook County dismissing the partition suit of appellant for want of equity.

The sole issue is whether the appellant can collaterally attack a decree of the circuit court of Cook County which in a tax foreclosure proceeding ordered the issuance of a tax deed to appellee's predecessor in title.

On July 11, 1947, the People of the State of Illinois filed a complaint in the circuit court of Cook County pursuant to section 216 of the Revenue Act of 1939 (Ill. Rev. Stat. 1945, chap. 120, par. 697,) to foreclose certain delinquent taxes on the vacant lot which is the subject matter of this litigation. There is no question but that proper parties were named and duly served. A decree was entered ordering the property sold, and it was purchased by M. G. Pochron on October 30, 1947.

On June 30, 1948, the appellant purchased an interest in the property from Mary A. LaLuzene, a defendant in the foreclosure case, and on September 1, 1948, he filed the instant partition suit. Pochron, the purchaser at the tax foreclosure sale, filed an answer to the partition complaint setting up her interest as holder of the certificate of purchase. The appellant did not proceed with the prosecution of the case until 1953.

The period of redemption from the tax sale expired on October 30, 1949. Pochron, pursuant to section 263 of the Revenue Act of 1939 then in force, served the appellant by publication, and on November 2, 1949, petitioned the

circuit court for a deed. The circuit court then entered a decree finding that upon the testimony, proofs and exhibits offered the court had jurisdiction of the parties and of the subject matter, and that the purchaser had complied with all requirements of the constitution and laws of Illinois in regard to issuance of a tax deed.

A deed was accordingly issued by the county clerk of Cook County to Pochron, and on November 4, 1949, she sold the property to Arthur Wesley Wolfe. Wolfe, the appellee here, intervened in the partition suit on July 10, 1953, alleging that he was the sole owner of the property and asking that the suit be dismissed.

After hearings by the master and findings by him that the appellee was the owner of the property and his title could not be attacked collaterally in the partition suit, the court entered a decree confirming the master's report and dismissing the suit for want of equity. A freehold being involved, the appellant appeals to this court.

To place the problem in context, it is well to review briefly the procedure followed in a tax foreclosure proceeding. See Harbert, "Tax Foreclosures and Tax Titles," 1952 Law Forum 209, 216-21.

Section 216 of the Revenue Act of 1939 provides, among other things, that after taxes have been forfeited for two or more years on the same property, a suit may be filed in a court of equity to foreclose upon the tax lien thus existing. Said suit to foreclose general taxes is filed in the name of the People of the State of Illinois. Unless a valid defense is presented, a decree of foreclosure is ordinarily entered and a sale of the property ordered. This decree may be appealed from, but the court retains jurisdiction for the purpose of making any auxiliary or supplementary orders necessary to carry into effect its decree of sale. *Clark* v. *Zaleski,* 253 Ill. 63, 81.

Thereafter, a sale is conducted by the county collector, and anyone desiring to bid may do so, the property being

sold to the highest bidder as in other judicial sales. *Schrei-ber* v. *County of Cook,* 388 Ill. 297.

The right of redemption from a tax foreclosure sale is governed by section 253 of the Revenue Act, (Ill. Rev. Stat. 1953, chap. 120, par. 734,) a two-year period of redemption being provided both by statute and the constitution. And section 263 of the Revenue Act (Ill. Rev. Stat. 1953, chap. 120, par. 744,) is applicable so as to require the holder of the certificate of purchase to give notice to every person who has an interest in, or is in possession of the property sold for taxes, said notice to be given between the fifth and the third months prior to expiration of the period of redemption. (See *Clark* v. *Zaleski,* 253 Ill. 63; Grigsby, Illinois Real Property, vol. 4, pages 511-14.) A portion of said section 263 which is pertinent to the instant case provides that "If no person is in possession or occupancy of such real estate, or if the person in whose name the same was last assessed for general taxes, upon diligent inquiry, cannot be found in the county, or if said owners of, or parties interested in said real estate upon diligent inquiry cannot be found in the county," such notice may be by publication.

If no redemption is made during the two-year period, the holder of the certificate of purchase then asks the court in which the foreclosure was conducted to order the clerk to issue the deed.

The appellant here does not question the jurisdiction of the court over the subject matter or the parties to the tax foreclosure proceeding, but attacks the supplemental decree which directed the issuance of the deed to the purchaser on the ground that section 263 of the Revenue Act was not complied with as to the giving of notice. Specifically, it is said that the purchaser (Pochron) did not allege in her petition for a deed that she made diligent inquiry to find the appellant and that he could have been

found within the county if such effort had been made; and therefore, it is contended the court did not have jurisdiction to enter the supplemental decree.

However, the supplemental decree of the court found that a hearing was had upon the petition and upon testimony, proofs and exhibits; that the court had jurisdiction of the subject matter and of the parties; that all parties had due notice; that material allegations of the petition were true and the petitioner was entitled to the relief prayed; that the premises had not been redeemed from the tax sale and the time of redemption had expired; and that the purchaser (Pochron) had complied with all requirements of the constitution and laws of Illinois in regard to issuance of a tax deed. The appellee contends that these affirmative findings by the circuit court preclude the appellant from collaterally attacking that supplemental decree by a complaint in partition.

In *Clark* v. *Zaleski*, 253 Ill. 63, which has come to be recognized as a landmark case, careful consideration was given to the basic issue involved in the instant case. We there said at pages 81-2: "The jurisdiction of the court to approve a deed made under its decree requires the court to inquire into and determine whether the party claiming the right to such deed has complied with section 216 of the Revenue law [which corresponds to section 263 of the Revenue Act of 1939] in regard to the giving of notices therein required before the time of redemption expired. A court of equity having obtained jurisdiction of an action for the foreclosure of a mortgage or other lien, and having decreed a sale of the premises, will retain its jurisdiction for the purpose of making any auxiliary orders necessary to carry into effect its former decree without compelling the party to resort to another action. (27 Cyc. 1739; *Vahle* v. *Brackenseik*, 145 Ill. 231.) We perceive no reason, on principle, why the same rule should not apply to

proceedings to foreclose a lien for taxes under the statute. Since, as we have seen, it is necessary for the purchaser at such foreclosure sale to comply with section 216 [263] in regard to serving notices and is not required to preserve the evidence of such compliance by filing an affidavit under section 217 [265], *the court of chancery wherein the proceeding is pending is necessarily the proper tribunal to determine whether said section 216 [263] has been complied with and to make a finding in regard to that question,* in order that all matters affecting the title to the real estate involved may appear of record. This course was pursued in the foreclosure proceding now under consideration. After the period of redemption had expired, appellees, who were the owners of the certificate of purchase, upon notice to appellants came into the court of equity wherein the decree of foreclosure had been rendered and presented a petition showing what had been done as a compliance with section 216 [263] of the Revenue law. The decree of court entered upon this petition has already been set out in the preceding statement. *The decree finds that the court had jurisdiction and that appellees had complied with the law entitling them to a deed. This finding in a collateral proceeding must be regarded as conclusive and binding upon all parties to the record and their privies."* (Emphasis added.)

This holding of the *Clark case* was reaffirmed in *Greenwald* v. *McCarthy,* 402 Ill. 135, where we stated at page 142: "In that case we held that when a court of equity acquired jurisdiction for the purpose of foreclosing a tax lien, it would retain such jurisdiction until the entire matter was consummated. We also held that where a court in such proceeding approved a deed made under its decree and found that the law had been complied with by the owner of the certificate of purchase a subsequent collateral attack based on the question of compliance with the statute regarding the issuance of tax deeds could not be sustained."

The import of these two cases, which are determinative of the issue, is that when a court of equity acquires jurisdiction (both of the subject matter and the parties) in a tax foreclosure proceeding, it retains jurisdiction until the entire matter is consummated, which includes the entering of a supplemental decree ordering the issuance of a tax deed. While section 263 of the Revenue Act regarding the giving of notices must be complied with, a finding that such notices were duly given cannot be disputed in a collateral proceeding. Therefore, the appellant's contention that the circuit court lacked jurisdiction to enter the supplemental decree is without merit.

The decree of the superior court of Cook County is affirmed.

*Decree affirmed.*