(No. 35422.—▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS *vs.* EDMUND O'KEEFE *et al.*—(CATHERINE DOWD, Appellant, *vs.* LUKE F. McGINTY, Appellee.)

*Opinion filed January 22, 1960.*

Dowd & Dowd, and George T. Murphy, Jr., both of Chicago, for appellant.

Jaffe, Green & Murnighan, of Chicago, for appellee.

Mr. Justice Daily delivered the opinion of the court:

This is an appeal by Catherine Dowd, grantee of the original owner, to review an order of the circuit court of Cook County denying her petition to set aside a tax deed

for property purchased at a foreclosure sale by Luke F. McGinty, appellee.

The property in question consists of two vacant lots, described as lots 17 and 18 in Highland View Addition, Cook County, which on September 26, 1955, were owned by Mutual National Bank as trustee under trust No. 153. On that date a proceeding was instituted in the circuit court of Cook County in the name of the People of the State of Illinois to foreclose the lien resulting from unpaid general taxes for the years 1929 to 1946, both inclusive, and the aforesaid owner was personally served with summons. In addition thereto, the cause was on the same date listed as *lis pendens* upon the tract index records of the Cook County recorder of deeds. Thereafter, on January 17, 1956, deeds were recorded so as to place the record title in Mutual National Bank as trustee under trust No. 905, and a month later, after Mutual National Bank as trustee under trust No. 153, unknown owners, and other defendants in the foreclosure proceeding were defaulted for their failure to appear, a decree foreclosing the liens and ordering sale of the property was duly entered. At the sale which followed on March 6, 1956, the premises were purchased by appellee, who thereafter received a certificate of purchase, but some ten days later the record title was conveyed by Mutual National Bank as trustee under trust No. 905 to the appellant, Catherine Dowd. No further action was taken by either party until December, 1957, at which time appellee caused a notice of purchase, addressed to Mutual National Bank as trustee under trust No. 153, unknown owners, beneficiaries, or parties interested in said real estate, to be published in a Cook County newspaper on three different occasions and to be personally served on the Mutual National Bank. This notice, in addition to advising the parties of the purchase and that the right of redemption would expire on March 6, 1958, also informed them that appellee would apply for a deed to the premises on March 18, 1958.

Subsequently, on March 20, 1958, a petition for tax foreclosure deed was filed by appellee in these proceedings which alleged, among other things, that appellee had served notice of said purchase upon all persons in possession of the real estate, upon the person in whose name the property was last taxed, and upon the parties interested therein, in accordance with section 263 of the Revenue Act, and further that he had "fully complied with all of the provisions of the tax foreclosure decree entered herein, the Statutes and the Constitution of the State of Illinois relating to tax foreclosure sales." Attached to the petition, as exhibits, were copies of the notices which had been personally served and published, certificates of publication and service, and the certificate of purchase. On the same date a decree directing issuance of a tax foreclosure deed was entered expressly finding (1) that the court had jurisdiction of the subject matter and the parties to this proceeding, (2) that notices required by section 263 of the Revenue Act had been duly served, (3) that all parties entitled thereto had due notice of the filing of and the hearing upon the petition for deed, and (4) that appellee had fully complied with all provisions of the tax foreclosure decree entered herein, the statutes, and the constitution of the State of Illinois relating to tax foreclosure sales and the issuance of tax deeds pursuant thereto. In accordance therewith, tax deeds were issued to appellee on March 20, 1958.

Some eleven months later, being February 27, 1959, appellant filed her present petition to set aside those deeds on the grounds that in his petition for deed appellee had falsely and fraudulently alleged service of notices required by section 263 of the Revenue Act, whereas in fact the appellant, who had held title for approximately twenty months prior thereto and was at all times amenable to service, had never received such notification. By his answer, as amended, Luke F. McGinty, appellee, denied these accusations and further alleged that appellant was a bene-

ficiary under trusts No. 153 and No. 905, that she purchased with actual notice of the foreclosure proceedings, and that because of her delay in asserting title she was now barred from such relief.

At a hearing held on April 20, 1959, appellant testified that she had worked for the law firm of Dowd and Dowd since 1955 during which time she continuously resided at 8053 Marshfield Avenue, Chicago, and was listed in the Chicago telephone directory, but that she had never received any notice regarding the tax foreclosure suit despite the fact that she and her brother had purchased the property in March 1956, for some $10,500 and had immediately thereafter recorded the title in her own name. She did admit, however, that at the time of purchase she knew of the pending foreclosure proceeding but that she made no attempt whatsoever to notify the plaintiff in that suit of her purchase, to bring her ownership to the attention of the court, or to redeem the property within the statutory period. Except for copies of the deeds which were introduced, no other evidence was offered in support of appellant's allegations of fraud. At the close of appellant's proof, appellee's motion for dismissal was allowed and the petition accordingly denied.

Section 263 of the Revenue Act of 1939, (Ill. Rev. Stat. 1957, chap. 120, par. 744,) provides that every purchaser of real estate sold for delinquent taxes, before becoming entitled to a deed, shall, not less than three months prior to the expiration of the redemption period, serve notice thereof upon the persons in actual possession of the land, upon the individual in whose name the property was last assessed for general taxes, and upon the owners of or parties interested in the real estate, if they can upon diligent inquiry be found in the county. This section further states that if the property is vacant and the interested parties cannot upon diligent inquiry be found in the county, then such purchaser shall, not less than three nor more

than five months prior to the expiration of the redemption period, publish the notice on three occasions in a newspaper published in that county, and if any of said persons entitled to notice are unknown, they may be referred to in the publication as unknown owners.

Although a purchaser at a tax foreclosure sale must comply with section 263 as to the giving of notice, unlike the procedure which formerly prevailed as to annual tax sales, it is unnecessary that he preserve the evidence of such compliance by the filing of affidavits or otherwise, but it is for the court having jurisdiction of the foreclosure case to examine the proof of such compliance and then to enter an order thereon. (*Clark* v. *Zaleski,* 253 Ill. 63; *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447.) Thus statutory compliance is recorded, not by affidavits as to scope of inquiry and other related matters, but by a finding of the court which originally approved the foreclosure decree and is therefore in the best position to know the prior history of the case. We have many times stated that where such a finding of compliance has been entered by the court, it will be presumed that satisfactory proof of this fact was presented at time of hearing, and upon a collateral attack the finding will be regarded as conclusive and binding upon all parties to the record and their privies. (*Greenwald* v. *McCarthy,* 402 Ill. 135; *Clark* v. *Zaleski,* 253 Ill. 63; *Allen* v. *Nettleton,* 6 Ill.2d 141.) Any petition to vacate an order, judgment, or decree, filed more than thirty days after the entry thereof, even though made to the court that rendered it, constitutes a collateral attack. *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447; *Barnard* v. *Michael,* 392 Ill. 130.

Of course, a void judgment or decree may be attacked at any time (*Barnard* v. *Michael,* 392 Ill. 130,) but such infirmity arises, not by reason of its impropriety, but because the court entering the decree lacked jurisdiction of either the subject matter or the necessary parties. In the

present case, appellant does not question the jurisdiction of the court over the subject matter or the parties to the tax foreclosure proceeding, but relies solely upon the fact that she, as the record title holder, received no notice under section 263 of the Revenue Act. There is no doubt but that all persons having an interest in the premises at the time the foreclosure proceedings were instituted, which included the Mutual National Bank, were properly served with process, and this jurisdiction, once acquired, continued for the purpose of ordering the issuance of a tax foreclosure deed. (*Allen* v. *Nettleton,* 6 Ill.2d 141; *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447.) Since appellant acquired her interest from a party to the record, after the commencement of suit, she is bound by the decree so as to give the court proper jurisdiction even though she was not made a formal party thereto. *Clark* v. *Zaleski,* 253 Ill. 63.

It is interesting to note that appellant at no time offered evidence to show that appellee had not made diligent inquiry to determine her identity and whereabouts or that he had in any manner misled the court in this respect. She merely stated that a deed was recorded bearing her name and that once her identity was known her location could have been ascertained by reference to the telephone directory. As we pointed out in *Village of Dolton* v. *First National Bank,* 12 Ill.2d 435, it is intended that a person seeking a tax foreclosure deed will make an honest attempt to see that the proper persons have notice of the proceedings, and such inquiry must be as full as the particular situation will permit. This does not, however, require perfection, and the mere failure to uncover a particular fact does not in and of itself indicate lack of diligent inquiry since such may result from matters entirely unconnected with the scope of that inquiry. Although it is unfortunate that appellant did not receive formal notification concerning the expiration of her redemption rights, it cannot be said that she was materially prejudiced in this respect since it was

admitted that for almost the entire two-year redemption period she was aware of the foreclosure action.

In its order for issuance of the tax deeds, the court, having jurisdiction of both the necessary parties and the subject matter, found that all notices required by section 263 of the Revenue Act had in fact been given, and, although the record does not indicate why appellant was served by publication rather than by personal notice, in the absence of contrary evidence it will be presumed that this finding was based upon satisfactory proof of diligent inquiry. Appellant being in privity with Mutual National Bank as trustee under trust No. 153, a party to the original foreclosure proceeding, and having had knowledge of said proceeding, is now barred from contesting the order for issuance of deed.

For the reasons stated, the circuit court of Cook County was correct in denying appellant's petition to set aside the tax foreclosure deeds, and its order is therefore affirmed.

*Order affirmed.*