(No. 37889.—

Melvin Farlow, Appellant, *vs.* John L. Oliver *et al.*, Appellees.

*Opinion filed November 26, 1963.*

FRANK BONAN, of McLeansboro, for appellant.

ROUTMAN AND LAWLEY, and EUGENE L. DAVISON, both of Springfield, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal prosecuted by the plaintiff, Melvin Farlow, to review a decree of the circuit court of Hamilton County which found plaintiff's tax deed void and confirmed the ownership of certain real estate in the defendants, John L. Oliver and Margaret J. Latham. A freehold being involved, the jurisdiction of this court has been properly invoked.

The real estate in question consists of eighty acres of unfenced timber land situated in Hamilton County which had for many years been owned by W. Arthur Latham, the husband of defendant Latham. In 1946 action was insti-

tuted by Haw Creek Special Drainage District to foreclose its lien for unpaid drainage assessments and, as a result thereof, the property was sold to the drainage district, which received and recorded its tax deed in 1953.

In 1954 a complaint was filed upon behalf of the People of the State of Illinois to foreclose its lien for delinquent general taxes for the years 1930 to 1952, inclusive, alleging among other things that the property had been forfeited to the State for nonpayment of taxes, that the sum then due amounted to $968.34, that the tract was last assessed in the name of Holland Gammon, and that W. Arthur Latham, Margaret J. Latham, Haw Creek Special Drainage District, Holland Gammon, and unknown heirs and devisees were the owners. The aforesaid persons were made parties to the foreclosure proceeding, and a tax foreclosure notice was published once each week for three successive weeks in a local newspaper, naming both W. Arthur Latham and Margaret J. Latham, and others, as owners and advising them that such proceedings had been filed and that default could be taken against them after June 7, 1954. An affidavit was also filed showing the Lathams to be residents of Buckeye, Arizona, and pursuant thereto, a further publication was had against W. Arthur Latham and Margaret J. Latham, as nonresidents, advising them of the action and the date upon which they must appear, and on April 26, 1954, being within ten days after the first publication, a copy of the latter notice was mailed by the clerk of the circuit court to both W. Arthur Latham and Margaret J. Latham at Buckeye, Arizona.

Neither of said parties having appeared, a decree of foreclosure was entered June 14, 1954, specifically finding that the court had acquired jurisdiction over certain parties, including the Lathams, by publication and ordering the complaint confessed against them because of default. On August 3, 1954, plaintiff purchased the property at the foreclosure sale and subsequently received a certificate of purchase

which named August 3, 1956, as the expiration date of the period of redemption. However, by notice delivered to the county clerk of Hamilton County on August 1, 1956, such period of redemption was extended by plaintiff so as to expire on December 3, 1956.

Not less than three months nor more than five months prior to the expiration of the period of redemption, a notice of application for deed was published for three successive weeks in a local newspaper directed to W. Arthur Latham, Margaret J. Latham, and others, advising them of the sale to plaintiff, the last date for redemption, the property involved, the taxes delinquent, the unpaid amount due, the owners thereof, the person in whose name the property was last assessed, and of plaintiff's intention to apply for a deed if redemption did not occur. An affidavit was filed showing that no person was actually occupying the premises, that neither the person in whose name the property was last assessed for taxes nor the Lathams, as owners, could be found in the county, and that a copy of the aforesaid notice of application for deed was sent by registered mail "to the owners of record not found in this County" on August 16, 1956.

A petition for issuance of deed dated December 8, 1956, was subsequently filed and on December 10, 1956, a decree was entered finding that the court had jurisdiction of the subject matter and parties, that all parties had due notice of "the filing of and hearing upon" the petition for deed, that plaintiff had complied with all requirements for deed, and that he was entitled to its issuance. The tax deed was issued and recorded on December 14, 1956. However, on January 28, 1960, a quitclaim deed was filed purporting to convey these premises, except one eighth of the minerals which was reserved by grantor, from the defendant, Margaret J. Latham, sole heir and devisee of W. Arthur Latham, to the defendant, John L. Oliver. In order to remove this deed as a cloud upon his title, plaintiff instituted the present action and defendants then counterclaimed for a court de-

termination of their title. In finding for the defendant, the lower court held that plaintiff had not complied with the statutory provisions for the issuance of a tax deed. This is the question we are now called upon to decide.

Section 216 of the Revenue Act, (Ill. Rev. Stat. 1953, chap. 120, par. 697,) authorizes the instituting of a tax foreclosure proceeding whenever the real-estate taxes have been forfeited to the State for two or more years and permits the sale thereof if notice is given to interested parties as provided by law. Wherever the taxes upon a particular parcel of land have been forfeited to the State for five or more years, service of process may be in the usual manner for civil actions or, in the alternative, notice of the pendency of such action may be given to all owners and interested parties by publication containing the title of the court, the number of the case, a statement that the complaint is to foreclose the lien for delinquent taxes, the legal description of the property, the person in whose name the real estate was last assessed for taxes, and the date after which judgment of foreclosure may be entered.

Section 263 of the Revenue Act, (Ill. Rev. Stat. 1955, chap. 120, par. 744,) states that no holder of the certificate of purchase shall be entitled to a deed unless he has, not less than three months prior to the date of expiration of the redemption period, served notice upon the owners of such real estate advising them when he purchased the land, in whose name it was last taxed, the description of the real estate involved, what taxes were foreclosed, and when the time for redemption will expire. If such owners cannot upon diligent inquiry be found in the county, such notice may be sent by registered mail and also published in a local newspaper not more than five months nor less than three months before the time of redemption expires.

Section 266 (Ill. Rev. Stat. 1955, chap. 120, par. 747,) further provides that within five months prior to the expiration of the time of redemption from the sale of any real

estate for nonpayment of taxes, the certificate holder may file his petition for deed in the same proceeding in which the judgment for sale was entered. Notice of the fact of such filing and the date upon which the petitioner intends to make application for an order for deed shall be given to owners or persons interested in the real estate in the same manner as provided by section 263, except that the notice of such filing and the date upon which application will be made for deed may be inserted in the section 263 notices if the petitioner desires, in which event the section 266 notices shall not be required. Finally, section 266a (Ill. Rev. Stat. 1955, chap. 120, par. 747a,) states that in tax foreclosure proceedings, the petition for deed shall be filed in the proceeding in which the foreclosure decree was entered, and notice of such filing and of the hearing thereon shall be given in conformity with rules or practice relative to motions in other civil cases.

In permitting the sale of real estate for the nonpayment of taxes, our constitution, (Ill. Const. of 1870, art. IX, sec. 5,) states that the General Assembly shall provide by law for reasonable notice to owners or persons interested of the fact of the sale and when the time of redemption shall expire. In accordance with this mandate, section 263 of the Revenue Act, (Ill. Rev. Stat., 1955, chap. 120, par. 744,) was enacted, and compliance therewith is essential to the validity of a tax deed. (*People* v. *Banks,* 272 Ill. 502; *Palmer* v. *Riddle,* 180 Ill. 461.) But unlike the earlier practice, it is no longer necessary to preserve the evidence of such compliance by the filing of affidavit or otherwise. Rather, it is for the court having jurisdiction of the foreclosure case to examine the proof of such compliance and record this fact in its findings; and where such finding has been entered in the record, it must be presumed that satisfactory proof of this fact was presented at time of hearing. *People* v. *O'Keefe,* 18 Ill.2d 386; *Clark* v. *Zaleski,* 253 Ill. 63.

The constitution does not, however, require the notices specified in sections 266 and 266a of the Revenue Act, and

we recently held that the giving of such notices is not an absolute condition precedent to the issuance of a tax deed but, to the contrary, that these sections merely outline a statutory procedure to be followed. (*People* v. *Orth,* 21 Ill.2d 205.) In the *Orth* case, the petition for deed was not filed until some three months subsequent to the expiration of the period of redemption, and no attempt was made to give the written notices specified by sections 266 and 266a. Nevertheless, we concluded that the owners had not been materially prejudiced by this omission and sustained the validity of the tax deed. Similarly, in *People* v. *O'Keefe,* 18 Ill.2d 386, the petition for deed was filed after the redemption period expired.

By its enactment of section 266 of the Revenue Act, the legislature intended to render tax titles incontestable except by direct attack, unless the circumstances are such as to warrant the application of section 72 of the Civil Practice Act, or unless the order directing the issuance of deed was utterly void. (*Shapiro* v. *Hruby,* 21 Ill.2d 353; *Stanley* v. *Bank of Marion,* 23 Ill.2d 414; *Southmoor Bank and Trust Co.* v. *Willis,* 15 Ill.2d 388; *Freisinger* v. *Interstate Bond Co.* 24 Ill.2d 37.) An order is rendered void, not by reason of mere error or impropriety, but by lack of jurisdiction by the issuing court of either the subject matter or the necessary parties, (*People* v. *O'Keefe,* 18 Ill.2d 386,) and we have frequently stated that jurisdiction once acquired in a tax foreclosure action continues through the entire proceeding, including the order for deed. *Allen* v. *Nettleton,* 6 Ill.2d 141; *Greenwald* v. *McCarthy,* 402 Ill. 135.

In the present case, the trial court had jurisdiction of the subject matter and acquired jurisdiction of W. Arthur Latham and Margaret J. Latham by publication in accordance with section 14 of the Civil Practice Act, (Ill. Rev. Stat. 1953, chap. 110, par. 138,) and with the alternative method of process authorized by section 216 of the Revenue Act, (Ill. Rev. Stat. 1955, chap. 120, par. 697,) where taxes

have been forfeited for five or more years. The notice required by section 263 of the Revenue Act was published in proper form not less than three months nor more than five months prior to the expiration of the redemption period, and a copy sent by registered mail to the owners of record. Since it is the court's determination, rather than the affidavit which now constitutes the record of compliance with section 263, it is of little moment that the affidavit as filed did not include the specific address to which the registered notice was sent. (*People* v. *O'Keefe,* 18 Ill.2d 386.) The mandatory notice specified by section 263 having been given, and the court having acquired jurisdiction of the subject matter and the parties, the decree for issuance of deed subsequently entered cannot now be attacked as void in this collateral proceeding. (*Clark* v. *Zaleski,* 253 Ill. 63; *Greenwald* v. *McCarthy,* 402 Ill. 135.) The result that we reach emphasizes the necessity that the trial court closely scrutinize the record to determine that there has been statutory compliance before directing the issuance of the deed.

Nor do the circumstances of this case warrant the application of section 72 of the Civil Practice Act, which is not available to put in issue a factual question previously passed upon by the court and which is limited in its application to collateral attacks occurring within two years after the entry of the disputed decree. Although the affidavits filed in these proceedings do not state whether notice was served as to the filing of the petition for deed and the date of hearing thereon in accordance with sections 266 and 266a of the Revenue Act, the court, in ordering the tax deed to issue, specifically found (1) that it had jurisdiction of the subject matter and of all the parties hereto, (2) that all parties entitled thereto were given due notice of the filing of and hearing upon the petition for deed, and (3) that plaintiff had duly complied with all the requirements of the constitution and the laws of Illinois in regards to the issuance of tax deeds in foreclosure proceedings. Furthermore, despite the two-year period of

limitation for section 72 proceedings, the instant attack was instituted by defendants more than four years after the entering of the decree for deed. We are therefore of the opinion that the tax deed is neither void nor contestable under these circumstances, and that the lower court erred in dismissing plaintiff's complaint and in confirming ownership in the defendants.

In closing it should be noted that Margaret J. Latham at no time denied the receipt of notices sent in the foreclosure proceeding, and from the affidavit for publication filed in the instant proceedings in May, 1950, it appears that she continues to reside in Buckeye, Arizona. Although complaint is also made that the tax deed was issued by the county clerk, we do not find this contrary to statute, (*Allen v. Nettleton,* 6 Ill.2d 141,) and certainly defendants have not been damaged thereby.

Accordingly, the decree of the circuit court of Hamilton County is reversed and the cause is remanded to that court with directions to grant to plaintiff the relief requested in his complaint.

*Reversed and remanded, with directions.*