(No. 39849.—

ARTHUR J. DAHLKE, Appellee, *vs.* HAWTHORNE, LANE & COMPANY, Appellant.

*Opinion filed Oct. 28, 1966.—Rehearing denied Jan. 17, 1967.*

KLUCZYNSKI, J., took no part.

ALLAN L. BLAIR, of Chicago, (BRUCE M. BUYER and RAYMOND J. MILLER, of counsel,) for appellant.

HERBERT F. ZORNOW, JOHN E. TOOMEY, and EUGENE M. WIASE, all of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Albert J. Dahlke filed a petition in the circuit court of Cook County to set aside a tax deed issued to the respondent, Hawthorne, Lane & Company. The trial court dismissed the petition but, on appeal, the appellate court reversed and remanded the cause with directions that the order directing the issuance of the deed be vacated. (67 Ill. App. 2d 44.) We have granted leave to appeal for further review.

The property involved consists of two lots situated at the southeast corner of 137th and Illinois streets in Riverdale, and is improved with a one and one-half story frame dwelling fronting on 137th Street and a small tar-papered structure to the rear facing Illinois Street. At all times es-

sential, petitioner and his wife, Adeline Dahlke, were the record owners of the lots and resided on the first floor of the frame dwelling. The second floor was occupied by a niece, Shirley Fazio, and the small structure at the rear was occupied by James Little and his family.

On February 5, 1962, the county collector filed an application for a judgment and order of sale with regard to the two lots because of delinquent 1960 real-estate taxes. Such an order was entered February 16, 1962, and five days later the property was sold at public auction to First Lien Company which was issued a certificate of purchase. Later, First Lien paid the 1961 and 1963 general taxes, and petitioner paid the taxes extended for 1962. On March 8, 1963, First Lien mailed a notice to petitioner informing him of the sale, and on January 14, 1964, mailed an additional notice urging redemption.

Although the period for redemption would normally have expired on February 21, 1964, two years after sale, it was extended to August 10, 1964, under the provisions of section 263 of the Revenue Act. (Ill. Rev. Stat. 1963, chap. 120, par. 744.) No redemption occurred and as a consequence First Lien, on March 31, 1964, filed a petition for the issuance of a tax deed of which notice was given to petitioner and his wife both by mail and by personal service on April 9, 1964.

On August 10, 1964, First Lien sold and assigned its certificate of purchase to the respondent, Hawthorne, Lane & Company, which was substituted as petitioner for a tax deed. Thereafter, on September 4, 1964, an order was entered finding that all required notices had been given, that the time for redemption had expired, and that respondent was entitled to a deed. One week later respondent wrote to petitioner informing him of the issuance of the deed and offering him an opportunity to negotiate a repurchase, and on September 29, 1964, respondent caused a writ of assistance to be served. Petitioner failed to respond to any of

such notices. On October 5, 1964, however, when faced with possible eviction, he signed a document wherein he acknowledged that he had no further right or interest in the premises and agreed to occupy them as a tenant at a rental of fifty dollars per month.

Approximately two weeks later, petitioner, proceeding under the provisions of section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1963, chap. 110, par. 72,) instituted the present suit to set aside the tax deed alleging, among other things, that he had received no prior notices of the sale or issuance of the deed; that he had no actual notice of the sale or deed; that any notices served had been delivered to his wife who, being mentally ill, had hid them so that they were only recently discovered by the petitioner; that the other persons in possession of the premises, *viz.*, Fazio and Little, had not been notified of the tax proceedings as required by statute; and that such omissions constituted fraud warranting the vacation of the order for deed. Respondent's answer denied such allegations and, after a hearing on the merits, the petition was denied.

We have repeatedly held that in a tax-deed proceeding section 72 of the Civil Practice Act may not, in the absence of fraud, be used to again put in issue questions previously passed upon by the trial court, (*Southmoor Bank and Trust Co.* v. *Willis,* 15 Ill.2d 388; *Shapiro* v. *Hruby,* 21 Ill.2d 353), such prior determinations being conclusive upon all parties and immune from collateral attack. (*Cherin* v. *R. & C. Company,* 11 Ill.2d 447; *Clark* v. *Zaleski,* 253 Ill. 63.) In so holding we have given effect to the 1951 amendment to section 266 of the Revenue Act, (Ill. Rev. Stat. 1963, chap. 120, par. 747,) which provides that tax deeds issued pursuant thereto shall be incontestable except by direct appeal. (*Urban* v. *Lois, Inc.* 29 Ill.2d 542; *Stanley* v. *Bank of Marion,* 23 Ill.2d 414.) Unlike the procedure which formerly prevailed, wherein the determination of statutory prerequisites for a tax deed was largely an administrative

matter, it is now for the court, prior to ordering the issuance of such a deed, to judicially determine whether the notice and other requirements have been met. And when a finding of compliance has been entered, it will thereafter be presumed that satisfactory proof of this fact was presented to the court even though such evidence is not preserved in the record. *People* v. *O'Keefe*, 18 Ill.2d 386.

In the present case the trial court expressly found in its order for deed that all notices required by law had been given and, no direct appeal having been taken by the record owners, that determination is now conclusive unless vitiated by fraud. Thus, the question presented is not whether proper notices were in fact served upon Arthur Dahlke and other persons in possession, but whether the issuance of the deed was attended by fraud as the petitioner claims.

In support of his position petitioner asserts that fraud occurred: (1) because a witness at the hearing for the issuance of the deed testified there was only one residence on the premises, instead of two; (2) because there was testimony that the Dahlkes were the only occupants of the premises; and (3) because the proof showed that the "diligent search" made by respondent consisted of only one visit to the premises. Fraud, however, implies a wrongful intent —an act calculated to deceive, (*Majewski* v. *Gallina*, 17 Ill.2d 92,) and in our opinion the conduct and testimony complained about, when considered in context with the entire record, falls short of that necessary to invalidate the tax deed.

The evidence shows that in addition to furnishing the required statutory notices, the tax purchaser made numerous voluntary attempts to inform the titleholders of the impending tax deed. A notice of sale was sent on March 8, 1963; an additional notice urging redemption was mailed January 14, 1964; notices were furnished the county clerk on March 31, 1964, for service by certified mail; and on September 11, 1964, after a tax deed had issued and during the thirty-day

appeal period, respondent again informed petitioner of the situation by letter and offered an opportunity for repurchase. This is not a pattern of fraudulent intent. Nor do we believe fraud occurred because of the testimony relating to the residences on and the occupants of the premises. The failure to discover a particular fact does not, in and of itself, indicate a lack of diligent inquiry, (*Village of Dolton* v. *First Nat. Bank of Blue Island,* 12 Ill.2d 435; *People* v. *O'Keefe,* 18 Ill.2d 386,) and neither is it a conclusive indication of fraud. Particularly is this so in the present case in light of testimony that the premises gave all the appearance of a single family residence with a detached garage, rather than two separate residences, and further testimony that when the search for occupants was made petitioner's wife represented that only she and her husband lived on the property.

The facts of this case are not unlike *Urban* v. *Lois, Inc.* 29 Ill.2d 542, wherein a mortgagee was omitted from the list of persons having an interest in the premises for which a tax deed was sought, and *Shapiro* v. *Hruby,* 21 Ill.2d 353, where a failure to search the Torrens records was the basis for the claim of fraud. In both instances such omissions were held insufficient to justify setting aside the tax deeds, and we find no basis for any other result in the present case.

Accordingly, and for the reasons stated, the judgment of the Appellate Court for the First District is reversed and the judgment of the circuit court of Cook County, dismissing the petition to set aside the deed, is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*

Mr. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.