Ohman Dick and Charley Sanders, Petitioners Below, Appellants Herein, v. Charles A. Mitchell, et al., Respondents Below, Appellees Herein.

Gen. No. 68–1.

Fifth District.

December 3, 1968.

Gerald D. Owens, of Benton, for appellants.

Richard O. Hart, Hart & Hart, of Benton, for appellees.

EBERSPACHER, P. J.

This is an appeal from the Circuit Court of Franklin County from an order dismissing a Petition for Tax Deed.

On October 19, 1964, Ohman Dick and Gene Flowers purchased certain real estate situated in Franklin County, Illinois, for taxes due and unpaid pursuant to the provision of chapter 120, § 716a, Ill Rev Stats 1963. There-

after, Gene Flowers, one of the purchasers, assigned his interest in the original certificate of purchase issued by the County Clerk to Charley Sanders.

On June 27, 1966, Petitioners, Ohman Dick and Charley Sanders, holders of the original certificate of purchase, filed their Petition for an Order Directing the Issuance of a Tax Deed in the Circuit Court of Franklin County. The petition set forth the date that the time allowed by law for the redemption of the real estate would expire and stated that an order directing the County Clerk to issue a Tax Deed would be entered if said real estate was not redeemed from the tax sale. The petition was filed within five months prior to the expiration of the time of redemption as required by section 747, chapter 120, Ill Rev Stats 1965. On July 16, 1966, personal notice was served by the Sheriff of Franklin County on Respondent, Charles A. Mitchell, the record owner of the real estate, advising him of the purchase by petitioners of the property at the tax sale and also advising him of the date of expiration of the redemption period and that the Petition for Tax Deed had been filed and stating the date and time of the proposed hearing for issuance of an order for said deed, if not redeemed. Thereafter, on October 3, 1966, Respondent Charles A. Mitchell, filed his Answer denying that petitioners were entitled to the proposed tax deed.

Petitioners on June 27, 1967, filed with the County Clerk an extension of time of redemption from the tax sale, extending the time of redemption to October 19, 1967. Also, on June 27, 1967, petitioners filed an Amended Petition for Tax Deed. Subsequent to the filing of the Amended Petition the petitioners gave notice to several interested parties by certified mail and by publication and on July 26, 1967, notice of the extended period of redemption and a copy of the Amended Petition for Tax Deed were served on Charles A. Mitchell by the Sheriff of Franklin County, Illinois.

Respondents, Charles A. Mitchell, and others, on August 28, 1967, filed a Motion to Dismiss Amended Petition for Tax Deed alleging the petitioners' failure to provide them with proper notice of the tax deed proceedings. The motion was heard, and before the time for redemption had expired, the court entered an order dismissing the Amended Petition with prejudice upon payment to petitioners by Charles A. Mitchell of the amount of the purchase price of the certificate of purchase, together with the amounts of the real estate taxes subsequently paid, in the amount of $225.68, apparently computed in accordance with the direction of section 747 of the Revenue Act. Charles A. Mitchell tendered the sum of $225.68 which petitioners refused.

Petitioners appealed, stating the sole issue to be whether the trial court correctly dismissed their Petition for a Tax Deed. In support of their appeal the petitioners argue that the procedure for notice set forth in sections 744 and 747 of the Revenue Act is not an absolute condition precedent to the issuance of a tax deed. In other words the petitioners urge that their substantial compliance with the statutes, so far as notice is concerned, was sufficient for the issuance of a tax deed. In this regard the petitioners have cited for our consideration the following cases: People v. Orth, 21 Ill2d 205, 171 NE 2d 626 (1961); Zeve v. Levy, 37 Ill2d 404, 226 NE2d 620 (1968); People v. O'Keefe, 18 Ill2d 386, 164 NE2d 5 (1960); Farlow v. Oliver, 29 Ill2d 493, 194 NE2d 262 (1963).

We note that in each of the cases cited by the petitioners a tax deed had been issued and the proceedings were to set the tax deed aside. In the present case, in contrast to the cases cited by the petitioners, there is a judicial finding by the trial court that the petitioners failed to comply with the statutory notice requirements.

We agree with the petitioners that the constitution does not require the notices specified in sections

747 and 747a of the Revenue Act and that the giving of such notices is not an absolute condition precedent to the issuance of a tax deed. Farlow v. Oliver, supra. However, it does not logically follow that the tax deed petitioner shall be entitled to a tax deed in spite of his noncompliance with the notice provisions. The primary purpose of the Revenue Act provisions for tax titles is to render tax titles incontestable. Once the tax deed has been issued it will not be rendered void by reason of mere error or impropriety but only by lack of jurisdiction by the issuing court of either the subject matter or the necessary parties. People v. O'Keefe, supra. But by the same token, it is the duty of the trial court to closely scrutinize the record to determine that there has been statutory compliance before directing the issuance of the deed. Farlow v. Oliver, supra. Construction favoring the validity of tax deeds once they have been issued is not synonymous with the disregard of statutory procedure before they are issued.

Section 744 of the Revenue Act (c 120, Ill Rev Stats 1967) provides in part:

> "No purchaser or assignee of such purchaser of real estate sold for nonpayment of general taxes or special assessments, shall be entitled to a deed until the following conditions have been complied with, to-wit: Such purchaser or assignee shall serve, or cause to be served, notice of such purchase, not less than 3 months prior to the date when the time of redemption, or extended time of redemption as hereinafter provided shall expire, upon the following persons: Upon occupants or persons in actual possession of such real estate; upon the person in whose name the real estate was last assessed for general taxes, if, upon diligent inquiry, he or she can be found in the county; and upon the owners of or parties interested in such real estate, including trustees and mortgagees of record, if they can upon diligent inquiry be found in the county. If the person in

whose name the real estate was last assessed for general taxes cannot upon diligent inquiry be found in the county, notice shall be sent by registered mail or certified mail, return receipt requested, to the address shown for such persons on the assessor's books. Such notice by registered or certified mail, return receipt requested, shall also be sent to the owners of or parties interested in such real estate, including trustees and mortgagees of record, provided such persons cannot upon diligent inquiry be found in the county. In such notices the purchaser, or his assignee, shall state when he purchased the real estate, in whose name last taxed, the description of the real estate he has purchased, what taxes or special assessments were included in the judgment or decree for which the real estate was sold, and when the time of redemption will expire. . . ."

In the present case the petitioners filed their Amended Petition for Tax Deed on June 27, 1967. On July 26, 1967, a copy of the Amended Petition for Tax Deed was served on Charles A. Mitchell, the record owner of the real estate. In it the date when the redemption period would expire, as extended, was stated to be October 19, 1967. From an examination of the record, service of this copy of the Amended Petition itself was the only notice given the record owner of the filing of the Amended Petition, which prayed for the deed, and alleged that all notice required by law had been or would be given. We believe the trial court was justified in not considering such notice adequate in meeting the requirements of the last quoted sentence of section 744, supra. The Amended Petition does not state specifically when the real estate was purchased [1]; does not state "in

---

[1] The Amended Petition advised "That at the regular Ten (10) year sale of lands and lots for General Taxes levied and assessed for the years prior to 1964."

whose name last taxed"; and does not state what years taxes were included in the judgment or decree for which the real estate was sold. Furthermore, it was not served "less than 3 months" prior to the date of the extended time of redemption, as is required by section 744. The notice requirements of section 744 cannot be said to be nullified by the later expressed policy of liberal construction to be found in section 747 of the Revenue Act, which requires the notice prescribed by section 744. This noncompliance with the notice requirements in itself is sufficient to justify the trial court's refusal to issue the tax deed. For this reason we find it unnecessary to pass upon the remaining allegations of noncompliance raised by the respondent.

Accordingly, the judgment of the Circuit Court of Franklin County dismissing the proceedings to obtain a tax deed shall be affirmed.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.