**Otto Sorini, Petitioner-Appellant, v. Louise Klein, et al., Respondents-Appellees.**

**Gen. No. 51,773.**

First District, Fourth Division.

April 9, 1969.

Adamowski, Newey & Riley, of Chicago (Francis X. Riley, of counsel), for appellant.

Willard J. Lassers, Alex Elson, Aaron S. Wolff, Elson, Lassers and Wolff, of Chicago (Herbert Lesser, of counsel), for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order entered by the Circuit Court of Cook County on May 19, 1964, directing that a tax deed to certain real estate located in Cook County issue to the defendants. The appeal is taken pursuant to section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 72).

On November 25, 1959, Otto Sorini (hereafter referred to as plaintiff) obtained title to the subject real estate through a conveyance executed by Sarah W. Carroll. The precise interest which plaintiff had in the property is not completely clear. Although only his name appears in the text of the deed, according to Frank S. Cacciatore, real estate broker, who sold the subject property for Sarah Carroll, the plaintiff and Lester Trilla were co-owners.

At no time from the date he acquired the property until the present time did the plaintiff ever pay real estate taxes on the property or list his name and address as the owner of record with the County Treasurer, or leave any indication of his ownership on the property itself. Rather, he permitted the name of his conveyor— Sarah Carroll—to remain on the books as the official holder of title. Accordingly, the real estate taxes were not paid, and on May 5, 1961, subject property was sold to Richard Davis at the annual tax sale. In conformance with the law, the period within which the plaintiff could redeem the property expired on May 5, 1964.

Approximately one year before the expiration date, the J & G Construction Company, a corporation, began purchasing lots in the block where the subject property is located. As a part of this land purchase program they

sought to find the owner of the subject property. Since the deed directed that after recording it should be mailed to a Mr. Frank Cacciatore, thereafter a J & G Construction Company employee, Raymond Ryan, inquired by mail concerning Cacciatore's interest in the property. Ryan testified that on January 17, 1963, he had a telephone response from Cacciatore, advising that his client, Sorini (plaintiff), owned the property. During the conversation Ryan offered to purchase the property, but Cacciatore said the offer was too low. Therefore, according to standard practice of J & G Construction Company, Ryan opened a file for the subject property and designated it as "8468 Sorini." This file contained all the documents relating to the subject property, and had notations on the file jacket concerning telephone calls and other matters, according to the customary business practice to make such notations on or about the day they purported to have been made.

Ryan left the employ of J & G Construction Company in 1963, and shortly after he left, his work was taken over by Timothy O'Grady. The record shows that O'Grady called Cacciatore no less than four times, offering to purchase the subject property; the first offer was made on June 28, 1963. At that time O'Grady informed Cacciatore that the property had been sold to a Richard Davis at a tax sale. Some time later O'Grady met with Cacciatore and asked him if he had informed his client, Sorini, concerning the tax sale information O'Grady had given in their previous conversation. Cacciatore said he had, but "could not understand why the man [Sorini] did not take care of it and redeem."

In his testimony Cacciatore denied knowing Ryan; did not recall knowing O'Grady or having any conversations with him; and did not recall being advised that the subject property had been sold in a tax sale. The trial court, however, chose to accept the testimony of Ryan and O'Grady as true and correct, and stated specifically:

311

"Then there was a face to face meeting between some of these witnesses. Now, these witnesses made definite statements, not only from their memory, but also from notes that were indicated, that it was indicated were made at the time the meetings took place. So that rather than vague denials the Court certainly has to depend upon definite statements made from notes or records at that time."

On January 10, 1964, Richard Davis sold the tax sale certificate to Louise Klein, a nominee for J & G Construction Company, after which J & G renewed their efforts to find Sorini. Near the termination of the redemption period it became necessary for the defendants to comply with the statute with respect to notice. (Ill Rev Stats 1963, c 120, § 744.) It was necessary for defendants to serve, or cause to be served, notice of such purchase "not less than three months prior to the date when the time of redemption . . . shall expire, upon the following persons: upon occupants . . . ; upon the person in whose name the real estate was last assessed for general taxes . . . ; and upon the owners of, or parties interested in such real estate, including trustees and mortgagees of record, if they can upon diligent inquiry be found in the county." If the owners cannot be found, the statute requires notice by publication.

Herbert Lesser, an attorney, was retained by defendants for the purpose of procuring the tax deed. He testified regarding the search which he conducted for the plaintiff in compliance with the "diligent inquiry" requirement of the law. He looked in the Chicago telephone directory for the year 1959 and also the year 1964 to see if there was a listing for Otto Sorini, but found none. He testified that he devoted most of his attention then to the Chicago directory because Sorini was listed on the deed as a resident of the City; however, he did examine the 1959 suburban directories, but found no Otto Sorini. He found two or three Sorinis in the Chicago directory

312

whom he called, and none of these knew the plaintiff. He found several Sorinis in a western suburban directory; he compared the listings for 1959 and 1964 and found no Otto Sorini. From his findings he concluded the plaintiff had not moved to a suburban area. Lesser, however, did not inquire of the listings in the western suburban directory—five or six people, two of whom knew the plaintiff—as to his whereabouts.

Lesser stated that he then had a telephone conversation with Cacciatore, "either in September or October, 1963"; that he identified himself as an attorney and that he wished to know the whereabouts of Otto Sorini; that Cacciatore said, "I am sorry, I refuse to give you that information." Lesser told him it was a tax deed proceeding and that it was necessary for him to serve Otto Sorini, but Cacciatore still refused to supply the information.

On January 22, 1964, a petition for a tax deed was filed, and on May 7, 1964, Lesser was examined by an assistant State's Attorney regarding the inquiry he had made concerning Otto Sorini. On May 19, 1964, the court ordered that a tax deed issue to the defendant. No motion to vacate this order was filed. Instead, plaintiff elected to take an appeal from the order of May 19. He did not process that appeal, however, and notice of appeal was subsequently dismissed by the trial court. The plaintiff took no further action to obtain relief until October 19, 1964, when he filed suit to set aside the clerk's deed on the ground that it had been procured by fraud. The plaintiff later converted that action into a section 72 petition attacking the validity of the May 19 decree.

The statute respecting tax deeds as revised in 1951 provides:

"Tax deeds issued pursuant to this section shall be incontestable except by appeal from the order of the county court directing the county clerk to issue

313

the tax deed. This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." (Ill Rev Stats 1963, c 120, § 747.)

This section was in force at the time the tax deed was issued in the instant case. On May 19, 1964, the court ordered that the tax deed issue to the defendant. No appeal was perfected by plaintiff from that order of the court. Hence, he could raise the question as to whether or not the tax deed was valid only by proceeding under section 72 of the Civil Practice Act, which authorizes relief generally from judgments where fraud can be established.

The evidence was in sharp conflict. The trial court believed the testimony of the plaintiff's witnesses and rejected that of the defendant's witness, Frank Cacciatore. The questions before this court are whether the search made by the plaintiff concerning the owner of the property and the whereabouts of Sorini was sufficient to satisfy the requirements of the statute, and whether there was proof of fraud. In Dahlke v. Hawthorne, Lane & Co., 36 Ill2d 241, 222 NE2d 465, the court said at page 245: "Fraud, however, implies a wrongful intent—an act calculated to deceive, . . . ." The court further said, at page 246: "The failure to discover a particular fact does not, in and of itself, indicate a lack of diligent inquiry, . . . and neither is it a conclusive indication of fraud."

In the instant case it is true that Herbert Lesser, as attorney for the petitioner, in the hearing before the State's Attorney to determine whether the tax deed could properly be issued, filed an affidavit. In the affidavit Lesser stated: "I did examine the Chicago and Suburban Telephone Directories, and in the Chicago Directory, there are two or three Sorinis, whom I called and who denied being the Otto Sorini connected with this matter or denied being a relative of his or having any knowledge of his whereabouts."

314

At the section 72 hearing, Lesser testified that he did not call every Sorini listed in the Chicago directory and stated he did not call any who were listed in the suburban directories for the reason that the deed of conveyance described Otto Sorini as being in Chicago. On the printed form of deed, after the space for the name of grantee and the legal description is printed "of the City of Chicago" and "situated in the City of Chicago"; the form as completed left the phrase "of the City of Chicago" stand after the name of Otto Sorini, but after the legal description "City of Chicago" was deleted and "Village of Oak Lawn" was typed in.

After the deed was made out to him plaintiff took no steps to identify himself as the owner of the property. He had the deed to the property mailed to the seller and permitted it to go on record showing him as a resident of the City of Chicago, when he was not.

While it is true that if Lesser had called all the names listed in the suburban directories, he could have located Sorini, his evidence is that he took such steps as appeared necessary to find Sorini. If the testimony on behalf of plaintiff was true (which was believed by the trial judge) that he had had various communications with Cacciatore and that Cacciatore refused to give him any information, there would be no indication that any fraud was involved.

In Zeve v. Levy, 37 Ill2d 404, 226 NE2d 620, the court lays down the rule that under the 1951 amendment to the Revenue Act, determination of compliance with statutory prerequisites for a tax deed are a judicial rather than an administrative matter; and that a court's findings in a tax deed proceeding held pursuant to section 266 of the Act may be collaterally attacked only under section 72 of the Civil Practice Act, relief thereunder being available upon a showing of fraud. In Zeve the trial judge entered an order finding that the tax deed had been properly issued. The case was reversed by the Appellate Court and appeal was taken from that decision to the

Supreme Court, which court set aside the holding of the Appellate Court and held that there was no fraud in the procurement of the deed. The court said at page 409:

"It is clear that petitioner's failure to receive notice of the tax-deed proceeding does not, per se, entitle her to have the deed set aside. (Dahlke.) Nor does the fact that respondent's agent could have made more thorough inquiry and a more diligent search than he did necessarily establish fraud on the part of respondent in the absence of proof of wrongful intent or a pattern of deception. (Dahlke.)" (Dahlke v. Hawthorne, Lane & Co., 36 Ill2d 241, 222 NE2d 465.)

■ ■ In the case before us the plaintiff did not receive notice of the tax deed proceeding, but on the facts of this case and under the ruling in Zeve v. Levy, supra, this factor is not sufficient, on its own, to entitle plaintiff to have the deed set aside. It is also not enough to show that the defendant's agent could have made a more thorough inquiry. Such factors do not "establish fraud on the part of respondent in the absence of proof of wrongful intent or a pattern of deception."

■ ■ Plaintiff contends that the evidence did establish a "wrongful intent or a pattern of deception." Whether or not there was such proof was essentially a matter to be resolved by the trier of fact, and his finding cannot be set aside unless contrary to the manifest weight of the evidence. On the basis of the record here involved we cannot conclude that the findings of the trier of fact were against the manifest weight of the evidence.

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.