ADELE SCHOTT, Admr. of the Estate of Rudolph J. Schott, Deceased, *et al.*, Petitioners-Appellees, *v.* CLARENCE C. SHORT, Respondent-Appellant.

(No. 70-81;

Third District—April 7, 1971.

855

Vonachen, Caton, Lawless, Trager & Slevin, of Peoria, for appellant.

Harold H. Kuhfuss, of Pekin, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Tazewell County in a tax deed proceedings. The factual situation which is the basis for this appeal can be summarized as follows. On October 18, 1965, Clarence C. Short, hereinafter referred to as the respondent, obtained a certificate of purchase of certain property in Tazewell County. The property involved is the home of Adele Schott, hereinafter referred to as the petitioner. When the proceedings were instituted the residence located on the property involved was occupied by the petitioner, her daughter, Sandra, an unmarried adult, and occasionally by petitioner's husband, Rudolph J. Schott. As a result of marital problems the husband only sporadically was present in the home. Commencing on August 14, 1965, the respondent filed various petitions, notices and affidavits with the circuit clerk and county clerk

of Tazewell County for the purpose of obtaining a tax deed to the property. No question was raised as to the procedure followed by the respondent but ultimately serious questions were presented to the trial court as to the authenticity and validity of two affidavits of respondent wherein he stated *inter alia* that he had personally served the petitioner and her husband, Rudolph J. Schott, with notice of his filing of a petion for a tax deed.

The respondent further had legal notice of his filing a petition for tax deed published in The Delavan Times, a newspaper published in Delavan, Tazewell County. The publication was directed to Rudolph J. Schott, Adell (sic), his wife, Roy Lowary, Tazewell County Clerk, and to all unknown owners and interested persons.

On February 8, 1968, at the hearing on the petition for tax deed, the respondent appeared pro se and was the only party to the proceedings present in court. The trial judge questioned the respondent relative to his service of notices and then entered an order directing issuance of a tax deed to the respondent. This was the first of three significant orders entered by the circuit court of Tazewell County. Subsequently a petition brought pursuant to Section 72 of the Civil Practice Act, Chapter 110, Section 72, Ill. Rev. Stat., was filed by Rudolph J. Schott and Adele Schott, praying that this order directing the issuance of tax deed be set aside. The petition alleged that fraud was practiced upon the court by the respondent and that the tax deed procured by him was illegal and void. The Section 72 petition stated that the grounds for the alleged fraud were: (1) that the affidavit in support of respondent's application for a tax deed and the application for a tax deed were not in fact affidavits for the reason that they purported to have been sworn to before one Virginia Buthovitch (sic) who in fact was not a Notary Public in and for Tazewell County, (2) that the affidavit in support of application for tax deed was false and fraudulent in that the transcript of the testimony of the respondent taken at the time of the hearing on the application shows that no service was had upon Rudolph J. Schott, one of the owners of the property, (3) that the affidavit of respondent was false when he swore that upon diligent inquiry the person in whose name the property was taxed could not be found since at all times Rudolph J. Schott, a joint owner, was a well known businessman in the community and could have been easily located, (4) that the property involved was also occupied by Sandra Sue Schott, a daughter, and that no notice had been served upon her and that such was required by Chapter 120, Section 744 of the Ill. Rev. Stat. This petition was supported by an affidavit of Rudolph J. Schott, wherein he swore he was not served with notice, that he was conducting a business on the property, his business trucks were almost daily parked on his premises and his

name and address were listed in the telephone and city directories, and that he could have easily been located.

Subsequent to the filing of the Section 72 petition but prior to the hearing thereon the petitioner, Rudolph J. Schott, died.

After a hearing on the petition an order was entered by the trial court denying the same. A post trial motion was then filed which sought to set aside the previous judgment of the court which had denied the Section 72 petition. The movants were the petitioner, Adele Schott, on behalf of herself and as administrator of the estate of Rudolph J. Schott, deceased, and two daughters of the petitioner and decedent, namely, Sandra Sue Schott and Sharon Reid. This motion was based upon the grounds that the court had erred in its previous ruling and that further the statutory proceedings constituting the basis for obtaining an order for a tax deed is contrary to the provisions of the constitution of the state of Illinois and the constitution of the United States of America.

A hearing was had on the motion and on February 25, 1970, the trial court entered an order granting the motion and directed that the order directing issuance of a tax deed to respondent, Clarence C. Short, entered on February 8, 1968, be set aside. It is from this order that the respondent appealed.

A number of issues have been presented to this court for review but we first direct our attention to the question as to whether or not Rudolph J. Schott, a joint owner of the property involved, was actually served with personal notice as sworn to by the respondent in his affidavits. The issue pertaining to the validity of the Notary Public, the necessity of serving notice on the occupant daughter, Sandra Sue Schott, and the constitutionality of the statutory law in such cases need not be determined by this court if in fact the respondent executed false affidavits which represented to the court that he had personally served the joint owner, Rudolph J. Schott, when in fact he had not done so.

The pertinent statutory provisions regarding notice to owner, persons in possession and others in proceedings for a tax deed are set forth as follows:

"Notice to owner, persons in possession and others—Extension of time for redemption.) § 263. No purchaser or assignee of such purchaser of real estate sold for nonpayment of general taxes or special assessments, shall be entitled to a deed until the following conditions have been complied with, to-wit: Such purchaser or assignee shall serve, or cause to be served, notice of such purchase, not less than 3 months prior to the date when the time of redemption, or extended time of redemption as hereinafter provided shall expire, upon the following persons: upon

occupants or persons in actual possession of such real estate; upon the person in whose name the real estate was last assessed for general taxes, if, upon diligent inquiry, he or she can be found in the county; and upon the owners of or parties interested in such real estate, including trustees and mortgagees of record, if they can upon diligent inquiry be found in the county. If the person in whose name the real estate was last assessed for general taxes cannot upon diligent inquiry be found in the county, notice shall be sent by registered mail or certified mail, return receipt requested, to the address shown for such persons on the assessor's books. Such notice by registered or certified mail, return receipt requested, shall also be sent to the owners of or parties interested in such real estate, including trustees and mortgagees of record, provided such persons cannot upon diligent inquiry be found in the county. In such notices the purchaser, or his assignee, shall state when he purchased the real estate, in whose name last taxed, the description of the real estate he has purchased what taxes or special assessments were included in the judgment or decree for which the real estate was sold, and when the time of redemption will expire.

If such owners of such real estate or the parties interested therein cannot be found in the county and the person in actual occupancy or possession is tenant to, or in possession under the owners or the parties interested therein, then service of such notice upon the tenant or occupant or person in possession shall be deemed service upon such owners or parties interested. If no person is in possession or occupancy of such real estate, or if the person in whose name the same was last assessed for general taxes, upon diligent inquiry, cannot be found in the county, or if such owners of or parties interested in such real estate, including trustees and mortgagees of record, upon diligent inquiry, cannot be found in the county, then such purchaser or his assignee shall publish such notice, as to them, in some newspaper published in such county. * * *." Ill. Rev. Stat., ch. 120, par. 744.

■■ The record before us discloses that the respondent did publish notice of his filing of the petition for tax deed in The Delavan Times. However, we are not concerned with whether or not the respondent obtained notice by publication or whether he first made diligent inquiry as to the whereabouts of the owners of the property. In fact we must ignore and refuse to consider the matters set forth in the affidavit of Rudolph J. Schott since he departed this life prior to the hearing on the petition which was filed pursuant to Section 72 of our Civil Practice Act. The averments contained in the affidavit were not evidence for the reason that the affidavit was not in the form of a deposition and therefore they are inadmissible in evidence at a trial or hearing. (*Brenneman v. Dillon,* 296 Ill. 140, 129 N.E. 564;

*Independent Packing Company v. Burns,* 168 Ill.App. 482.) We are concerned with the narrow but decisive question as to whether or not the respondent falsely executed affidavits which averred that personal service was had upon the joint owner, Rudolph J. Schott.

In determining this question we direct our attention to the transcript of testimony taken on February 8, 1968, when the respondent appeared *pro se* before the circuit court for hearing on his petition for tax deed. The following testimony was presented by the respondent in reply to questions propounded by the court:

"Q. * * * * Did you go upon the premises in this case?

A. I did, your honor.

Q. What did you find, if anything?

A. I went to the house on the date indicated in the Affidavit. I went to the door on the lefthand side facing the house, the street on the lefthand side of the house. I walked to the rear of the house. Mrs. Adele Schott came to the door in answer to my knock and she stood in the open doorway and I talked to her in the open doorway and there was somebody in the house I assumed to be her husband. She did not invite me to come in and I did not ask to come inside. I talked to her in the doorway. I gave her two notices, two tax sale notices.

Q. At that time?

A. At that time. One there is a duplicate. I asked her to acknowledge the service by signing the affidavit on the bottom of the paper which we (sic) went further inside the house and conferred with somebody in the house and in a few minutes she returned and handed me the receipted notice.

Q. Did she tell you that her husband's name was Rudolph J. Schott?

A. She identified herself at the door. I had talked to her on the telephone before. I urged redemption before the proceedings started. I had written several letters and had conversation with her. I knew she was the wife of Rudolph Schott.

Q. Did you find out that they were living there?

A. Yes. Mr. Schott was not at home very often but he was staying in the resident at that address to the best I could learn.

Q. This was 342 Catherine Street in Pekin?

A. Yes, they were married although he was usually away from home that was his only address.

Q. This address is the property in question?

A. The address that I went to is the property that I'm petitioning for a tax deed on."

The record discloses that Adele Schott, residing at 342 Catherine, Pekin,

on August 21, 1967, acknowledged receipt of a copy of a notice of filing of a petition for tax deed by the respondent. This acknowledgement or receipt appears on the face of the copy of the notice. Three other printed acknowledgements appearing on the face of the document are blank and unexecuted; yet in an affidavit attached to this document the respondent avers that on the 24th of August, 1967, he served a partly written and partly printed notice of a copy of his notice of filing for tax deed on Rudolph J. Schott and Adele, his wife, by handling them a copy and leaving the same with them personally.

■■ We have set forth the testimony of the respondent in this opinion in regard to the service of notice since it clearly negates the averment that he personally served the joint owner, Rudolph J. Schott. The testimony of the respondent is that while talking to Mrs. Schott there was somebody in the house who he assumed to be her husband. He states that he did not go into the Schott house but that Mrs. Schott did and that she conferred with somebody. The respondent by his own testimony admits that he talked only to the petitioner, Mrs. Adele Schott, that he did not see or meet her husband, yet under oath he twice averred that Mr. Schott was personally served. We can only conclude that the respondent filed a false affidavit of service in the proceedings before the circuit court of Tazewell County.

■■ We are cognizant of the rule that the primary purpose of the Revenue Article provisions for tax titles is to render tax titles incontestable. (ch. 120, par. 747, Ill. Rev. Stat.) Once the tax deed has been issued it will not be rendered void by reason of mere error of impropriety but only by lack of jurisdiction by the issuing court of either the subject matter or the necessary parties. *Dick v. Mitchell,* 103 Ill.App.2d 93, 242 N.E.2d 785. However, in the same case we find the court stating that it is the duty of the trial court to closely scrutinize the record to determine that there has been statutory compliance before directing issuance of a tax deed. Construction favoring validity of tax deeds once they have been issued is not synonymous with disregard of statutory procedures before they are issued.

■■ Under statute requiring giving of notice by purchaser at a tax foreclosure sale, it would be presumed that satisfactory proof as to giving of notice was presented by tax foreclosure sale purchaser at time of hearing on issuance of tax deed where such a finding of compliance was entered by the court, and upon collateral attack the finding would be regarded as conclusive and binding upon all parties to the record and their privies. Further any petition to vacate an order, judgment or decree filed more than thirty days after the entry thereof, even though made to the court that rendered it, constitutes collateral attack. (*People v. O'Keefe,* 18 Ill.2d 386, 164 N.E.2d 5.) In the case before us no finding of compliance of service

was made by the trial court and a transcript of testimony was preserved which refutes the possibility that such a finding could have been made.

The respondent may have believed that his lack of service of notice on Rudolph J. Schott was cured by his publication in The Delavan Times or that he actually procured service upon Rudolph J. Schott by leaving a copy of the notice with his wife. We are not called upon to determine whether proper service could have been acquired by these methods for we are to be guided by the rule set forth in *Zeve v. Levy*, 37 Ill.2d 404, 226 N.E.2d 620. It was in this case that the court stated:

"The precise question, therefore, for determination here is whether the record before us establishes a *prima facie* case of fraud, for if it does the trial court's denial of the section 72 petition at the close of petitioner's proof was erroneous. If not, that action was proper."

We can only determine that the affidavits filed by the respondent were false. A case of fraud was established and therefore the trial court's action in granting the relief prayed for in the Section 72 petition was proper. With this determination it becomes unnecessary for us to pass upon the other issues presented by the appeal. Accordingly the judgment of the circuit court of Tazewell County is affirmed. This cause is remanded to the circuit court of Tazewell County for further proceedings which will permit the property in question to be redeemed by the petitioner in accordance with the statutory provisions for redemption.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.