*In re* APPLICATION OF COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST CERTAIN LANDS AND LOTS—(PETITION OF ROBERT BURROUGHS FOR A TAX DEED TO CERTAIN LOTS)—WAYNE E. DIEGEL *et al.*, Petitioners-Appellees, *v.* ROBERT BURROUGHS, Respondent-Appellant.

(No. 72-27;

Third District—August 23, 1972.

William Kelley, of Peoria, for appellant.

Frank Wanless, of Morton, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Tazewell County in a tax deed proceedings. The factual situation which is the basis for this appeal can be summarized as follows. On August 29, 1969, Robert Burroughs, hereinafter referred to as the respondent, filed a petition for a tax deed to property which was the home of the petitioners, Wayne E. Diegel and Gisela Diegel. The property was subject to a mortgage held by the Tremont Savings and Loan.

On January 6, 1970, the respondent filed an application for an order directing the County Clerk to issue him a deed to the petitioners' property. At the hearing which followed this application, the respondent was the only witness and he testified that on September 9, 1969, he had served the Tremont Savings and Loan notice of his intent to apply for a tax deed by leaving a copy of such notice with a lady named Pearl Rassi, who was a secretary at the business establishment. The respondent further testified that he served a similar notice upon the county clerk by leaving a copy of the same with a Malcolm Watson, a deputy in the clerk's office. He also testified that he served Gisela Diegel and Wayne E. Diegel at their residence.

Following this testimony the court entered an order directing the circuit clerk to issue a tax deed to the respondent. This was the first of three significant orders entered by the trial court. Subsequently a petition was filed pursuant to section 72 of the Civil Practice Act (Chap. 110, Sec. 72, Ill. Rev. Stat.), on behalf of the petitioners, Wayne E. Diegel, Gisela Diegel, and Tremont Savings and Loan.

A hearing was held on this petition which prayed that the order directing the issuance of a tax deed be set aside and that the deed which had been issued be declared null and void. It was stipulated between the parties that the four minor children of the petitioners, Wayne E. and Gisela Diegel, had not been served with any notice. The respondent testified that he personally served notice on Pearl Rassi at the office of the Tremont Savings and Loan and that she acknowledged such service by affixing her signature on a copy of the notice which she retained. He then testified he obtained service upon Gisela Diegel at her home and that on a second trip to the Diegel home he served notice on Wayne E. Diegel but was unable to obtain his signature on a copy of this notice. However, he did testify that Mrs. Diegel affixed her signature to a copy of the notice which she received.

The petitioner Wayne E. Diegel denied that he had ever been served with a notice and that he thought his wife had paid the taxes. He further testified that the purported signature of his wife, Gisela Diegel, on a copy of the notice was not in fact her signature. At the time of the section 72 hearing the Diegels were divorced and Mrs. Diegel was residing in Florida and therefore did not testify at the hearing. The genuineness of her signature on the document in question was further disputed by Clark O. Barton and Ella Swigert, who were both associated with the Tremont Savings and Loan and who testified that they were familiar with such signature.

Service on Tremont Savings and Loan was disputed by the testimony of all of its employees, namely, Clark O. Barton, executive secretary; Ella Swigert, assistant secretary; Pearl Rassi, clerk; and James Petro, a trainee. It was established that the Tremont Savings and Loan is located in a small office consisting of one room with a dividing counter which permits the back portion of the room to be used for conferences. All of the personnel of the Tremont Savings and Loan denied ever having seen the respondent prior to the time of the court hearing.

The genuineness of the signatures of Pearl Rassi and Gisela Diegel which purportedly appeared on respondent's Exhibit No. 1, being a copy of the notice he allegedly served, was hotly contested. The driver's license of Pearl Rassi, as well as her signature which she affixed to a sheet of paper while she was in court, were admitted into evidence for purposes of comparison.

The respondent testified that the signature of Pearl Rassi and Gisela Diegel were affixed to Exhibit 1 prior to the time he served a copy of the same of Malcolm Watson, the deputy county clerk.

At the conclusion of the section 72 hearing the trial court denied the prayer of the petitioners which was that the order directing the issuance of a tax deed be set aside and that the deed issued pursuant thereto be declared null and void.

Subsequently the petitioners filed a post-trial motion in the cause wherein the trial court was asked to hear new evidence. At the hearing on this motion new evidence was presented when Malcolm Watson testified that the disputed signatures of Pearl Rassi and Gisela Diegel were not on Exhibit 1 when he received a copy of the same and affixed a file stamp on the original in his capacity as deputy clerk of the county clerk's office of Tazewell County. He further produced a copy of a notice which he had retained and it was barren of any signatures acknowledging service. According to the testimony of Watson he was familiar with the respondent's procedure in the filing of such notices and that respondent always requested that an extra copy be file stamped for

his personal file. He further made the positive assertion that if the original and copies of the notice of service had not been identical he would not have file stamped them as requested.

Subsequent to this hearing the trial court filed an "amended findings of fact and conclusions of law and order" in which it was found that the respondent had worked a fraud upon the court and that the failure to serve notice upon the four minor children of the Diegel's was jurisdictional and therefore the tax deed previously issued should be declared null and void and set aside.

The first issue presented for our determination is whether the order of the trial court which set aside a previous order granting an application for a tax deed is against the manifest weight of the evidence.

■■ We are cognizant of the rule that the primary purpose of the Revenue Article provisions for tax titles is to render them incontestible. (Chap. 120, Sec. 747, Ill. Rev. Stat.) Once a tax deed has been issued it will not be rendered void by reason of mere error or impropriety but only by lack of jurisdiction by the issuing court of either the subject matter or the necessary parties. (*Dick v. Mitchell,* 103 Ill.App.2d 93, 242 N.E.2d 785.) However, in the same case we find a court stating that it is the duty of the trial court to closely scrutinize the record to determine that there has been statutory compliance before directing the issuance of a tax deed. Construction favoring validity of tax deeds once they have been issued is not synonymous with disregard of statutory procedures before they are issued.

The trial court in the instant case did not disregard statutory procedures. Three separate hearings were conducted and the testimony in such hearings was directed primarily to the question as to whether or not the respondent had served requisite notice of his application for a tax deed upon the petitioners. As stated by the trial judge in his findings, "the factual issue was extremely close." There was a complete denial of having been served with notice by the petitioners and a strong avowal of having made such service on the part of the respondent. As noted by the trial judge, the only truly disinterested witness was Malcolm Watson, the deputy clerk, who testified that the signatures of Gisela Diegel and Pearl Rassi were not on the notice submitted to him by the respondent. This testimony is especially pertinent in view of the respondent's previous testimony that the signatures were on the notice when he submitted it to the clerk's office.

■■ After three hearings in which a closely disputed factual situation was before the court it was determined that the petitioners were not served with notice in the manner required by law and that the conduct and testimony of the respondent was such as to constitute a fraud upon

the court. In the trial before the court without a jury it is elementary that the credibility of witnesses and the weight to be accorded their testimony are to be determined by the trier of fact, and unless manifestly against the weight of evidence his findings will not be disturbed. (See *Bauske v. City of Des Plaines,* 13 Ill.2d 169, 148 N.E.2d 584; *Sorini v. Klein,* 109 Ill.App.2d 309, 248 N.E.2d 701.) The respondent in the instant case contends that the evidence fails to establish "a wrongful intent or a pattern of deception." Whether or not there was such proof was essentially a matter to be resolved by the trier of fact and his finding cannot be set aside unless contrary to the manifest weight of the evidence. On the basis of the record we cannot conclude that the findings of the trier of fact were against the manifest weight of the evidence.

■■ Having reached this conclusion we are of the opinion that the evidence adduced before the trial court amply supports a finding of fraud. This court recently held that the filing of false affidavits as to the matter of service constitutes fraud and justified the trial court's action in granting relief in a section 72 proceedings. (*Schott v. Short,* 131 Ill. App.2d 854, 268 N.E.2d 712). However, under the applicable statute, Chapter 120, Section 747, Illinois Revised Statutes 1969, we do not deem it a requisite in a section 72 proceedings that "actual fraud" or "intentional fraud" be present to invalidate a tax deed. In 1967 the legislature added an amendment to section 747 of chapter 120, Illinois Revised Statutes, which provided additional relief to one contesting the validity of the issuance of a tax deed. The Act as amended read as follows:

"* * * Tax deeds issued pursuant to this section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However relief from such order may be had under Section 72 of the "Civil Practice Act", approved June 23, 1933, as heretofore and hereafter amended, in the same manner, upon the same grounds and to the same extent as may be had under sections with respect to final orders, judgments and decrees in other proceedings *and the court shall consider defenses relating to questions of notice required by Section 263 and the proof presented in the hearing required by this section* * * *." (The underlined portion of the above statutory provision is the amendment adopted in 1967 by the Illinois State legislature.)

The addition of the one sentence amendment granted to the court in a section 72 proceedings the authority and power to determine if proper notice had in fact been given as required by statute. In effect this amendment added a ground for relief in section 72 proceedings in addition to the long recognized grounds of fraud, accident and mistake. To interpret the amendment otherwise would be to hold the same meaningless.

Cases cited by the respondent, to-wit, *Conway v. Hawthorn, Lane & Company*, 101 Ill.App.2d 1, 241 N.E.2d 641; *Dahlke v. Hawthorn, Lane & Company*, 36 Ill.2d 241, 222 N.E.2d 465; and *Urban v. Lois, Inc.*, 29 Ill.2d 542, 194 N.E.2d 294, were decided under the law as it existed prior to the 1967 amendment where it was necessary to establish fraud in order to prevail in a section 72 proceedings. These cases are inapplicable to the one before us since the trial court by virtue of the 1967 amendment was authorized to determine the sufficiency of notice and a finding of "fraud" was not necessary to sustain an order setting aside a tax deed in such a proceedings.

Section 747, chapter 120, Illinois Revised Statutes, has again been amended by deleting the 1967 amendment but of the present state of the statute we are not concerned in this case, since the change was effected after the respondent's filing of his petition for a deed.

For the reasons stated the order of the circuit court of Tazewell County is hereby affirmed and in reaching this determination it becomes unnecessary for us to consider other issues presented in this appeal.

Order affirmed.

STOUDER, P. J., and DIXON, J., concur.