*In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST LAND AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 1984 AND PETITION FOR TAX DEED OF BEST INVESTMENTS (Chrysler First Financial Services Corporation, Petitioner-Appellee, v. Best Investments, Respondent-Appellant).

Third District   No. 3—88—0143

Opinion filed December 22, 1988.—Modified on denial of rehearing March 23, 1989.

Daniel L. Koehl, of Joliet, for appellant.

Grochocinski & Grochocinski, Ltd., of Palos Hills (Mark Grochocinski, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Best Investments appeals from the order of the circuit court of Will County granting Chrysler First Financial Services Corporation's (Chrysler's) section 2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) petition.

On appeal, Best Investments contends that the trial court erred in ordering its tax deed set aside without finding that it engaged in any fraudulent or deceptive acts in giving notice of the petition for tax deed to the parties entitled to notice. In addition, Best Investments contends the original owners' filing of a bankruptcy petition did not extend the tax sale redemption period. Because of the view we take

with regard to the first issue, it is unnecessary to discuss Best's bankruptcy petition argument.

The record reveals the following. Robert and Beverly Garrington, the owners of two parcels of real estate located in Joliet, Illinois, granted Finance America Corporation, now known as Chrysler First Financial Services Corporation, a mortgage upon both parcels in November 1984. The mortgage was recorded in January 1985.

One of the Garrington parcels was sold to Best Investments for delinquent taxes by Will County on November 30, 1984. The Garringtons had until July 3, 1987, to redeem the taxes acquired by Best. The other parcel was forfeited to the State. This second Garrington parcel was redeemed by Chrysler after Chrysler had received notice of the tax delinquency.

Before the mortgagee changed from Finance America to Chrysler, Finance America commenced proceedings to foreclose its mortgage upon both parcels in June 1986. Finance America recorded a *lis pendens* notice with the Will County recorder on June 13, 1986. It obtained a judgment of foreclosure and sale on October 21, 1986, and was the successful bidder at the subsequent sheriff's sale on December 23, 1986. The redemption period following this foreclosure sale was to expire June 24, 1987. The sheriff's certificate of sale was recorded with the Will County recorder on December 31, 1986. Sometime after the sheriff's sale, but prior to the issuance of the sheriff's deed, Finance America became Chrysler First Financial Services.

Best Investments filed its petition for issuance of the tax deed on March 12, 1987. On July 10, 1987, Best filed its affidavits indicating that the Garringtons had been personally served by the sheriff but that Best was unable to locate Finance America Corporation, the mortgagee of the property. The contents of the affidavit regarding the efforts of Best will be discussed later in this decision.

On June 29, 1987, the Garringtons filed a petition in bankruptcy. On July 10, 1987, Chrysler obtained and recorded a sheriff's deed to both Garrington parcels, including the one for which Best Investments was petitioning. The trial court entered an order directing the issuance of a tax deed to Best Investments on August 7, 1987.

On September 28, 1987, Chrysler filed its petition with the court pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), requesting the trial court to vacate its tax deed order of August 7, 1987; such relief was granted on March 1, 1988.

■ The Illinois Supreme Court has held that where a property owner petitions to vacate a judgment issuing a tax deed under section

2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), the owner must prove fraud. (*In re Application of County Treasurer* (1982), 92 Ill. 2d 400, 442 N.E.2d 216.) Fraud has been defined as being "a wrongful intent—an act calculated to deceive." (*Dahlke v. Hawthorne, Lane & Co.* (1966), 36 Ill. 2d 241, 245, 222 N.E.2d 465, 467; *In re Application of County Treasurer* (1982), 92 Ill. 2d 400, 405, 442 N.E.2d 216, 218.) Examining the record of the entire proceeding, it is clear that Best Investments acted with the intention of deceiving Chrysler First Financial.

■ Best argues that the trial court erred in granting Chrysler's section 2—1401 petition, contending that it has sufficiently complied with the required notice provisions. Under section 263 of the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 744), the purchaser at a tax sale must give notice of the sale and of the date of expiration of the redemption period not less than three months or more than five months prior to the expiration of the redemption period. Section 263 requires that notice be served personally and, under certain circumstances, by certified mail, return receipt requested, through the clerk of the circuit court. Unknown owners and interested parties may be given notice by publication. Ill. Rev. Stat. 1985, ch. 120, par. 744.

Examining the record it is apparent that Chrysler did not receive notice of the pending tax sale or the date of the expiration of the redemption period. Best argues that it diligently attempted to notify the mortgagee of the sale through the mail and via the telephone. According to the affidavit filed by Best, executed by its agent, Jesse McCormick, Best attempted to notify Finance America of the pending proceedings. McCormick states that Best's search to notify Finance America included, among other efforts, a search of the local phone directories, telephone calls to persons listed therein bearing the same or similar names, inquiry of a number of persons residing in the area and persons bearing similar names, and the examining of documents or records listed in the office of the Will County recorder's office.

Although Best argues that its actions are sufficient to satisfy the notice requirements pursuant to the statute, it can be determined that it was not diligent in its effort to notify Chrysler of the pending activities. The affidavit supporting Best's claim of due diligence is nonspecific in its efforts to locate Chrysler other than perhaps looking at telephone directories. It does not appear Best made any effort to get in touch with Chrysler's attorneys of record in the foreclosure proceeding. In addition, Best did not make any effort to ascertain Chrysler's registered agent or his address through the Secretary of State's office. Further, Best did not ascertain the name of the owner

of the building in which the office was located and made no inquiry of other businesses which were located in the same building as Chrysler.

■■ Although it is correct that mere failure to exercise diligence in notifying property owners in a tax sale situation is not tantamount to fraud, it is also correct that additional facts indicating an intent to deceive will be examined in determining whether a party has acted fraudulently. *In re Application of County Treasurer* (1982), 92 Ill. 2d 400, 442 N.E.2d 216.

The record in the present case contains a number of affidavits, submitted by Chrysler, which indicate that Best acted to conceal, from Chrysler, notice of the pending proceedings. The affidavits also show that Best Investments, through agent Jesse McCormick, failed to inform the court that he had contact with Chrysler prior to the tax sale hearing on August 7, 1987.

Pat MacDonald, a real estate broker acting on behalf of Chrysler, placed a "for sale" sign on the "Garrington property" prior to July 10, 1987. Shortly after placing this sign upon the property, MacDonald received a telephone call from a man identifying himself as Jesse McCormick, of Best Investments. McCormick inquired about the terms and conditions of the sale of real estate and the circumstances under which it was being sold. MacDonald stated that she advised the caller of the circumstances of the sale and identified Chrysler as being the property owner. McCormick then advised MacDonald that he had acquired the property at a tax sale, that the redemption period had expired and that he was considering selling the property. McCormick also asked MacDonald not to advise or tell Chrysler of the pending proceeding because such information would only delay the proceedings. McCormick stated that she contacted an employee of Chrysler, Mark Rief, and informed him of the conversation.

Carleen Cignetto stated in an affidavit that she is an attorney whose firm is representing Chrysler in this matter. Cignetto, upon information related to her from Mark Rief, contacted Jesse McCormick on July 10, 1987. McCormick stated that he was amenable to allowing Chrysler to purchase his tax deed, but did not advise Cignetto of the fact that he was in the process of applying for a tax deed. Cignetto spoke with Mark Rief and was informed that Chrysler would be willing to pay McCormick $2,000 for his tax deed. After a number of unsuccessful attempts, Cignetto reached McCormick on August 5 and related the Chrysler offer to him. McCormick rejected the Chrysler offer, stated he would review his file and then call back Chrysler and make a counteroffer. The record reveals that McCormick did not call back and did not, at any time, advise Chrysler that a hearing on his

application for a tax deed was scheduled on August 7, 1987.

Subsequent investigations completed by Cignetto on September 21, 1987, revealed that the court entered an order authorizing the issuance of the tax deed on August 7, 1987, and that the deed issued September 8, 1987.

■ Best Investments does not dispute the above-stated facts, nor does it dispute the fact that it failed to inform the court of its contact with Chrysler prior to the August 7 tax deed hearing. Rather, Best Investments argues that it was acting diligently in its attempts to contact Finance America and that it did not have a duty to inform the court of its contacts with Chrysler because they occurred after the period for redemption had expired. We disagree with Best's contention. Best's efforts to conceal the pending proceedings warrant the inference that it was not acting in good faith and constitute fraud. This concealment existed prior to the redemption period and continued after the period had expired.

■ The record indicates Best Investments neglected to avail itself of readily available sources of information which would have led to the location of Finance America. When such neglect is considered with the evidence of its deliberate intent to conceal the tax proceeding, we conclude its conduct was tantamount to fraud.

For the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.